**SO ORDERED: January 4, 2012.**



**Anthony J. Metz III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THREE SISTERS NURSING HOME, | ) | |
| INC. d/b/a SPRINGFIELD HEALTH | ) | |
| CARE CENTER | ) | CASE NO. 10-12104-AJM-11 |
| | ) | |
| Debtor | ) | |
| —————————————————— | ) | |
| | ) | |
| JULIE ADOLAY, ET AL | ) | Adversary Proceeding |
| | ) | No. 11-50417 |
| Plaintiffs | ) | |
| vs. | ) | |
| | ) | |
| METROPOLITAN BOARD OF ZONING | ) | |
| APPEALS OF MARION COUNTY | ) | |
| INDIANA and JOHN P. CRAINE | ) | |
| HOUSE, INC. | ) | |
| | ) | |
| Defendants | ) | |
| —————————————————— | ) | |

**ORDER REMANDING PROCEEDING**

The Debtor, Three Sisters Nursing Home, Inc., d/b/a Springfield Health Care

1

Center, filed its chapter 11 case on August 11, 2010.  On June 28, 2011, this Court approved the sale of the Debtor's real estate located at 6130 North Michigan Road, Indianapolis, Indiana (the "Subject Property") to John P. Craine House, Inc. (the "Buyer").  The sale was free and clear of liens, with valid liens to attach to sale proceeds, and proceeds were to be distributed as set forth in the Court's June 28th order.  Based on the approved sale, the Debtor's chapter 11 plan was confirmed in the hearing held on November 30, 2011 but no written confirmation order has been entered.

The Buyer obtained from the Metropolitan Development Commission / Metropolitan Board of Zoning Appeals (collectively, "BZA") a zoning variance to operate the Subject Property as an alternative sentencing program and residential facility for certain offenders and their children.  Certain individuals have filed a petition for judicial review of the BZA's decision and it is that proceeding which seeks judicial review (the "judicial review proceeding") that the Debtor has removed to this Court.  The Buyer is a party to that judicial review proceeding, but the Debtor is not.

The Debtor's notice of removal alleges that the BZA proceeding is a "core proceeding" and that removal is sought under 28 U.S.C. §1452(a).  28 U.S.C. §1452(a) is the bankruptcy removal statute which allows removal of claims related to bankruptcy cases and it specifically provides that "a party" may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a government unit to enforce such unit's police or regulatory power.

The Court finds that the proceeding must be remanded.  The Debtor is not a party to the judicial review proceeding and only a "party" to the proceeding sought to be

2

removed may remove an action under the express provisions of 28 U.S.C. §1452(a).

See, *In re Thomas*, 348 Fed. Appx. 413, 2009 WL 32412188 (C.A. 10).  Furthermore,

the judicial review proceeding involves the review of the grant of a zoning variance.

Enforcement of zoning ordinances are intrinsically local and affirmance or reversal of

the grant is an exercise of the municipality's regulatory power.  See, *Garland &

LaChance Const. Co., Inc. v. City of Keene Planning Board*, 144 B.R. 586, 593-94 (D.

N. H. 1991) (holding that an appeal of the decision of a local planning board requires

the "interpretation and application of state and local land use planning and zoning laws"

and that "[t]here is no precedent for federal involvement in such matters" and that "the

federal courts should be apprehensive of the possibility of opening the floodgates to

allow such matters to be litigated in the Bankruptcy Courts under the guise of 'core'

proceedings"); see also, *In re Union Golf of Florida, Inc.*, 242 B.R. 51, 58 (Bankr. M. D.

Fla. 1998)(where court held that terms of confirmed chapter 11 plan were not binding

on zoning authority and that zoning authority was allowed to enforce ordinance against

debtor, noting that to hold otherwise was a "defacto removal" of the zoning enforcement

action to bankruptcy court, which would have been prohibited by 28 U.S. C. §1452(a)).

Finally, 28 U.S.C. §1452(a) requires that, for a civil action to be removed to

bankruptcy court, the bankruptcy court must have jurisdiction over it under 28 U.S.C.

§1334.  Bankruptcy courts, by virtue of the reference from district courts, have original

and exclusive jurisdiction over all cases "under title 11" (i.e., bankruptcy cases) and non

exclusive jurisdiction over cases "arising under", "arising in" or "related to" cases under

title 11.  The judicial review proceeding is not a case "under" title 11; nor does it arise

3

"in" or "under" a case under title 11.  It is not based upon any title 11 provision.  The Debtor's notice of removal argues that the judicial review proceeding is a "core" proceeding which affects the administration of the estate and the liquidation of assets of the estate.   However, the Subject Property has been sold and the Debtor's chapter 11 plan has been (verbally) confirmed.  The Court is hard pressed to see how the judicial review proceeding affects the administration of the estate or the liquidation of assets.

The Court may remand a removed action "on any equitable ground" pursuant to §1452(b).  Review of a grant of a zoning variance should remain with the tribunal best suited to handle it, not with this Court.  Accordingly the Court now REMANDS this proceeding to the Marion Circuit Court.

**# # #**

Distribution:
Robert D. Cheesebourough, Attorney for the Debtor

4